887 F.2d 1081
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
David Frank BAGGULEY, Defendant-Appellant.
 No. 88-7123.
 United States Court of Appeals, Fourth Circuit.
 Submitted: April 4, 1989.
Decided: Oct. 5, 1989.
Rehearing and Rehearing En Banc Denied Nov. 29, 1989.
 
 David Frank Bagguley, appellant pro se.
 Max Oliver Cogburn, Jr. (Office of the United States Attorney), for appellee.
 Before WIDENER, PHILLIPS and WILKINSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 David Frank Bagguley appeals the orders of the district court denying his motions for a transcript of his closing arguments at government expense, and for a new trial based upon newly discovered evidence. Our review of the record and the district court's opinions reveals no reversible error. Accordingly, we affirm the orders of the district court on that court's reasoning. United States v. Bagguley, CR No. 85-64-2 (W.D.N.C. Jan. 25, 1988; May 10, 1988).
 
 
 2
 Bagguley has filed a number of motions in this appeal, including a motion for a transcript of closing arguments at government expense, a motion to supplement the record with an affidavit of Assistant United States Attorney Max Cogburn, and a motion to supplement the record with a codefendant's motion for reduction of sentence filed in the district court. Additionally, Bagguley has filed a document objecting to the nunc pro tunc order entered by the district court on November 7, 1988.
 
 
 3
 Bagguley's motion for a transcript of the closing arguments at government expense is denied. Bagguley has not shown how the requested transcript is relevant to the pending proceeding or may be relevant to a future proceeding, and has not demonstrated a particularized need for the transcript to assist him or the court in the resolution of a nonfrivolous issue. Bagguley's motion to supplement the record with the Cogburn affidavit is moot because both Cogburn affidavits have already been made part of the record and have been considered by the Court. The motion to supplement the record with a codefendant's motion for reduction of sentence is denied because it was not before the district court as part of the record during that court's consideration of the motion for a new trial.
 
 
 4
 Finally, we find no error in the district court's nunc pro tunc order to show correctly when the first Cogburn affidavit was filed with the district court. Although the May 6, 1988 Cogburn affidavit should have been filed with the clerk's office, and a copy served on Bagguley, instead of delivered directly to the judge's chambers, we can discern no prejudice to Bagguley as a result of the district court's handling of this affidavit. Bagguley's arguments in support of his new trial motion made after the Cogburn affidavit are the same, and are advanced with the same vigor, as they were prior to the affidavit. We are confident that, in the future, the government will ensure that material that it submits for the district court's consideration is properly filed and served on the opposing party.
 
 
 5
 We dispense with oral argument because the dispositive issues recently have been decided authoritatively.
 
 
 6
 AFFIRMED.